UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN J. WOODS, :<br>: <br>Petitioner, :<br>:<br>v. :<br>:<br>WARDEN, BAYSIDE STATE PRISON, :<br>:<br>Respondent. :<br>: | Civ. No. 22-6136 (RBK)<br><br>**MEMORANDUM & ORDER** |

Petitioner is a state prisoner currently incarcerated at the Bayside State Prison in Leesburg, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court must screen the habeas petition. For the reasons that follow, Petitioner's § 2241 habeas petition is summarily dismissed. Nevertheless, Petitioner shall have an opportunity to reopen this action if he elects to file a habeas petition under 28 U.S.C. § 2254.

The New Jersey Superior Court, Law Division Camden County sentenced petitioner on May 17, 2022. Petitioner makes clear in his habeas petition that he is challenging his state court judgment, conviction and corresponding sentence. (*See* ECF 1 at 2). Indeed, Petitioner claims the Interstate Agreement on Detainers ("IAD") was not followed by the state court and that trial counsel was ineffective during his state court criminal proceedings.

Petitioner needs to proceed under habeas 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *See McKnight v. United States*, 27 F. Supp. 3d 575, 587 (D.N.J. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973)) (explaining that § 2254 is the only proper mechanism for a state prisoner to challenge the "fact or duration" of his state confinement); *see also Baker v.*

*D'Ilio*, No. 15-1294, 2018 WL 732906, at *4 (D.N.J. Feb. 6, 2018) (citing *McCandless v. Vaughn*, 172 F.3d 255, 263 (3d Cir. 1999) (citing *Reed v. Farley*, 512 U.S. 339, 347 (1994))) (other citation omitted) ("IAD violations are cognizable in federal habeas corpus because the IAD is a 'law of the United States' for purposes of 28 U.S.C. § 2254.").

At present, this Court declines to construe Petitioner's habeas petition "as is" as a § 2254 habeas petition because Petitioner did not file it on the proper § 2254 form supplied by the Clerk. *See* L. Civ. R. 81.2(a) ("Unless prepared by counsel, petitions to this Court for writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk."). Thus, Petitioner's § 2241 habeas petition will be summarily dismissed. Should Petitioner file a § 2254 habeas petition on the form provided to him by the Clerk, Petitioner is instructed to state that he wishes his § 2254 habeas petition to be filed under this same civil action number so that another $5.00 filing fee is not owed by Petitioner to this Court.

Accordingly, IT IS on this 19th day of December, 2022,

ORDERED that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is summarily dismissed; and it is further

ORDERED that the Clerk shall send to Petitioner by regular U.S. mail: (1) a copy of this memorandum and order; and (2) a blank copy of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (AO241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that if Petitioner files a § 2254 habeas petition on the form supplied by the Clerk within thirty (30) days of the date of this memorandum and order, the Clerk will be ordered to reopen this case; and it is further

ORDERED that the Clerk shall mark this case as closed.

s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge